

_____
**Hon. Michael S. McManus**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| In re | Case No. 09-51602 |
| BRIAN and VIRGINIA ROTHE, | Chapter 13 |
| Debtor. | Date: September 4, 2009<br>Time: 1:30 p.m. |

**MEMORANDUM**

Movant Wells Fargo Bank, N.A., seeks relief from the automatic stay with respect to real property located in Reno, Nevada.

Neither the debtor nor the trustee have filed written opposition within 15 days after service of the motion as required by Local Bankruptcy Rule 9014(d)(1). This is considered as consent to the granting of the motion. Cf. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). Further, because the court will not materially alter the relief requested by the moving party, an actual hearing is unnecessary. See Boone v. Burk (In re Eliapo),

1  468 F.3d 592 (9th Cir. 2006).  Therefore, the defaults of the
2  above-mentioned parties in interest are entered and the matter
3  will be resolved without oral argument.
4      The motion will be granted pursuant to 11 U.S.C. § 362(d)(1)
5  to permit the movant to conduct a nonjudicial foreclosure sale
6  and to obtain possession of the subject property following sale.
7      The movant holds a claim secured by a deed of trust that
8  encumbers the debtor's real property.  The plan requires that the
9  post-petition note installments be paid directly to the movant by
10 the debtor.  In breach of the plan, the debtor failed to pay
11 approximately two monthly installments to the movant.  This is
12 cause to terminate the automatic stay.  See Ellis v. Parr (In re
13 Ellis), 60 B.R. 432, 434-435 (B.A.P. 9th Cir. 1985).
14     Because the movant has not established that the value of its
15 collateral exceeds the amount of its secured claim, the court
16 awards no fees and costs.  11 U.S.C. § 506(b).
17     The 10-day stay of Fed. R. Bankr. P. 4001(a)(3) will not be
18 waived.
19     Counsel for the movant shall lodge a conforming order.

2